FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 JUN 18 AM 9: 50

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WILLIE J. MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) CV-01-RRA-0333-S | |
| | ) | |
| SHERIFF DAVID ABSTON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
JUN 18 2002

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Willie J. Mills, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged in connection with a criminal proceeding in the Pickens County Circuit Court in Fayette, Alabama. Plaintiff names as defendants Pickens County Sheriff David Abston, Pickens County Circuit Court Judge James Moore, Pickens County District Court Judge Tom Wooded, Pickens County District Attorney P. M. Johnston, and Joe Chandler, the attorney who represented plaintiff during the criminal proceeding. Plaintiff seeks monetary damages. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. §



1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

As the basis for the relief he seeks, plaintiff claims that defendant Wooded set his bond so high that he could not even attempt to post bond. He claims that defendant Wooded also made some racial remarks as a joke. Plaintiff complains that there are no black people in the Pickens County court system who are in charge of any court proceedings. Plaintiff claims further that when his constitutional rights were violated in 1989 and 1990, defendant Johnston was a circuit court judge and defendant Moore was the district attorney. He claims that there was no evidence in his case, just hearsay. Plaintiff states that he was sentenced to 99 years for a crime that was never committed. He claims that defendants Moore, Johnston, Wooded, and Abston threatened that if he did not take the 99 year sentence, he would be sentenced to life without parole. Plaintiff claims further that defendant Chandler never informed him of the maximum and minimum possible sentences and that his guilty plea was not intelligently and voluntarily made.

The magistrate judge concludes that this action is due to be dismissed as frivolous, for failure to state a claim upon which relief may be granted, and because plaintiff seeks relief from defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1) and (2). Plaintiff's claims against defendants Judge James Moore, Judge Tom Wooded, and defendant Johnston are due to be

dismissed.[1] Judges are entitled to the defense of absolute judicial immunity and are not subject to liability for damages for actions committed within their jurisdiction. This immunity has been specifically extended to § 1983 actions. *Pierson v. Ray*, 386 U.S. 547 (1967); *Stump v. Sparkman*, 435 U.S. 349 (1978). Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly. *Stump, supra; Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986); and *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985).

Similarly, defendants Johnston and Moore[2] are entitled to absolute immunity for their prosecutorial actions. *Imbler v. Pachtman*, 424 U.S. 409 (1976). The United States Supreme Court held in *Imbler, supra*, that state prosecutors have absolute immunity for their prosecutorial actions in cases seeking money damages. Although subsequent cases have held that such absolute immunity may not extend to those aspects of a prosecutor's responsibility that cast him in the role of an administrator or investigative officer, it is still clear that a prosecutor is immune from a civil suit for damages when he is performing the normal range of prosecutorial actions in connection with a criminal case. Plaintiff's allegations regarding the acts of these defendants relate only to their actions as prosecutors. Thus, defendants Johnston and Moore are due to be dismissed based on the doctrine of absolute immunity.

This action is also due to be dismissed with respect to defendant Chandler. It is well settled that a private attorney representing a defendant in a criminal case does not act "under color of state law" and therefore cannot be liable in an action brought under 42 U.S.C. § 1983 absent specifically

---

[1] As previously noted, plaintiff claims that defendant Johnston violated his constitutional rights while he was a Pickens County Circuit Court Judge.

[2] As noted, plaintiff claims that defendant Moore violated his constitutional rights while he was the Pickens County District Attorney.

3

pled facts showing a conspiracy between the attorney and public officials thereby fairly casting the imprimatur of the state on the attorney's acts. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Skipper v. Brummer*, 598 F.2d 427 (5th Cir. 1979); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978); *United States ex rel. Simmons v. Zibilich*, 542 U.S. 259 (5th Cir. 1976); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). Because there are no facts pled here to suggest such a conspiracy, defendant Chandler is due to be dismissed due to lack of state action creating federal jurisdiction.

In addition, plaintiff's claims against defendants Abston, Moore, Wooded, Johnston, and Chandler are clearly barred by the statute of limitations. In *Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989) the United States Supreme Court held that the proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury actions. The residual statute of limitations in Alabama is two years. ALA. CODE § 6-2-38(l).[3] Plaintiff's cause of action against defendants Abston, Moore, Wooded, Johnston, and Chandler arose in 1989 and 1990; he therefore had until 1992 at the latest, to file a § 1983 action. Plaintiff did not file this action until January 31, 2001.[4]

In determining whether a complaint is frivolous under 28 U.S.C. § 1915A(b), a district court can consider, *sua sponte*, affirmative defenses that are apparent from the record in order to end

---

[3] Section 6-2-38(l), ALA. CODE, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

[4] Because prisoners proceeding *pro se* have virtually no control over the mailing of their pleadings, their pleadings are deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). Although the record contains no information regarding the date plaintiff gave his complaint to jail officials to mail, he signed his complaint on January 31, 2001. The court will therefore deem plaintiff's complaint to have been filed on January 31, 2001. (The complaint was not received by this court until February 2, 2001.)

4

"litigation where the plaintiff has no basis on which to succeed." *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990). *See also Allen v Kemp,* 875 F.2d 861 (6th Cir. 1989); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983). It is apparent from the face of the instant complaint that plaintiff's claims against defendants Abston, Moore, Wooded, Johnston, and Chandler are barred by the statute of limitations.[5] The claims against these defendants are therefore frivolous. In addition, a claim that is barred by the statute of limitations fails to state a claim upon which relief can be granted. *Johnson v. Hill,* 965 F. Supp. 1487, 1489 (E.D. Va. 1997). Thus, the claims against defendants Abston, Moore, Wooded, Johnston, and Chandler are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because they are frivolous and because they fail to state a claim upon which relief can be granted.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED as frivolous, for failure to state a claim upon which relief may be granted, and because plaintiff seeks monetary relief from defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

---

[5] Prior to May 1996, the Alabama tolling provision, ALA. CODE § 6-2-8 (1975), provided in pertinent part:

> If anyone entitled to commence any of the actions enumerated in this chapter ... is, at the time such right accrues, ... <u>imprisoned on a criminal charge for any term less than for life</u>, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action ... provided, however, that no disability shall extend the period of limitations so as to allow such action to be commenced ... after the lapse of 20 years from the time the claim or right accrued.

(Emphasis added.) Effective May 17, 1996, § 6-2-8 was amended so that it no longer provides a tolling provision for those "imprisoned on a criminal charge for any term less than for life."

Plaintiff may file specific written objections to this report and recommendation within twelve (12) days from the date it is filed with the Clerk. Failure to file written objections shall bar the plaintiff from attacking the factual findings on appeal. A party may not appeal a magistrate judges's recommendation directly to the United States Court of Appeals. An appeal may be taken only from a final judgment entered by a District Judge.

The opportunity to file objections is not an opportunity to make new allegations or to present additional evidence. New allegations raised or additional evidence presented in the objections will not be considered by the court; the plaintiff must seek leave of court to raise new allegations or to present additional evidence and show good cause for not having done so before this late date.

DONE this 17th day of June, 2002.

Robert R. Armstrong, Jr.
United States Magistrate Judge